**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
          fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: swestcot@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN LEGGE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>UNIVERSITY OF SAN FRANCISCO,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Susan Legge ("Plaintiff") brings this action individually and on behalf of all others similarly situated against Defendant University of San Francisco (hereinafter, "USF" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1. This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 Semester at USF, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or which their fees were paid, without having their tuition and fees refunded to them.

2. USF is a private Jesuit university with a total enrollment of approximately 11,000 students. USF offers over 115 undergraduate majors and minors, in addition to over 60 master's, doctoral, and credential programs.

3. USF operates on academic Semesters. The Spring 2020 Semester began January 21, 2020 and ran through May 14, 2020.

4. On March 11, 2020, USF announced via its website that because of the global COVID-19 pandemic, classes would be cancelled March 16-17, and beginning Wednesday, March 18, all classes would be conducted online. On March 14, 2020, USF announced that remote instruction would be in place through the end of the Spring 2020 semester.

5. USF has not held any in-person classes since March 13, 2020. Classes that have continued have been in an online format, with no in-person instruction.

6. As a result of the closure of USF's facilities, USF has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class and subclass contracted and paid for. The online learning options being offered to USF students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and

critique. The remote learning options are in no way the equivalent of the in-person education that Plaintiff, the putative class, and subclass members contracted and paid for.

7. Plaintiff, the putative class, and subclass are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that USF has not provided. Even if USF claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

8. Through this lawsuit Plaintiff seeks, for herself, Class members, and Subclass members, USF's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 Semester, when classes moved online and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of herself and the Classes as defined below.

**PARTIES**

9. Plaintiff Susan Legge is a citizen of Florida who resides in Hypoluxo, Florida. Ms. Legge is the parent of an undergraduate student at USF. Ms. Legge's son is pursuing a degree in Finance. The Finance program at USF relies extensively on in-person instruction, meaningful student presentations, peer collaboration, and access to other university facilities. None of these resources are available to Ms. Legge's son while in-person classes are suspended. Ms. Legge paid Defendant approximately $18,000 in tuition and fees for the Spring 2020 Semester. USF has not provided Ms. Legge any refund of tuition or other mandatory fees, despite the fact that in-person classes have not been held since March 13, 2020.

10. Defendant University of San Francisco is a private university with its principal place of business located at 2130 Fulton Street, San Francisco, CA 94117.

**JURISDICTION AND VENUE**

11. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

12. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant is a resident of this District.

## FACTUAL ALLEGATIONS

*Plaintiff And Class Members Paid Tuition And Fees For The Spring 2020 Semester*

14. Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester.

15. Spring 2020 classes at USF began on or about January 21, 2020 and end May 14, 2020.

16. Plaintiff and Class members paid the cost of tuition for the Spring 2020 Semester, as well as associated fees and costs.

17. Undergraduate tuition costs at USF for the Spring 2020 Semester are approximately $24,870. Other mandatory fees include a $121 per-semester Activity Fee, and a $150 per-semester Transportation Fee.

18. Graduate tuition costs at USF for the Spring 2020 semester vary depending on area of study. For instance, Arts & Sciences graduate programs charge on a per-credit basis at $1,430 per credit. Master's programs in Education cost approximately $1,190 per credit, whereas an MBA costs $1,525 per credit. Full-time JD students, however, are charged $25,345 per semester. Other mandatory fees are charged depending on area of study.

19. The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

*In Response To COVID-19, USF Closed Its Campus And Cancelled All In-Person Classes*

20. On March 11, 2020, USF, through a campus announcement, announced that because of the global COVID-19 pandemic courses would transition to online learning.

21. USF has not held any in-person classes since March 13, 2020. Classes that have continued have only been offered in an online format, with no in-person instruction.

22. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for. Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

23. Plaintiff and members of the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

24. Defendant markets USF's on-campus experience as a benefit of enrollment on its website:

### The Hilltop Campus

USF's 55-acre campus is situated just one block from the exact center of San Francisco. Art galleries, sporting events, made-from-scratch meals, live music, a room with a view — everything this city has to offer is less than 3.5 miles away. And usually, it's right on campus.

25. The online learning options being offered to USF students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

26. The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for. The remote education being provided is not even remotely worth the amount charged class members for the Spring 2020 Semester tuition. The tuition and fees for in-person instruction at USF are higher than tuition and fees for other online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;
- Access to facilities such as libraries, laboratories, computer labs, and study room;
- Student governance and student unions;
- Extra-curricular activities, groups, intramural sports, etc.;
- Student art, cultures, and other activities;
- Social development and independence;
- Hands on learning and experimentation;
- Networking and mentorship opportunities.

27. The fact that USF students paid a higher price for an in-person education than they would have paid for an online education is illustrated clearly by the fact that USF does not maintain an established online program.

28. Through this lawsuit Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 Semester when classes moved online and campus services ceased being provided. Plaintiff seeks return of these amounts on behalf of herself and the Class, as defined below.

## CLASS ALLEGATIONS

29. Plaintiff seeks to represent a class defined as all people who paid USF Spring 2020 Semester tuition and/or fees for in-person educational services that USF failed to provide, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

30. Plaintiff also seeks to represent a subclass consisting of Class members who reside in Florida (the "Florida Subclass").

31. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Florida Subclass may be expanded or narrowed by amendment or amended complaint.

32. **Numerosity.** The members of the Class and Florida Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class and Florida Subclass. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through records in Defendant's possession.

33. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and Florida Subclass and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) whether Defendant accepted money from Class and Florida Subclass members in exchange for the promise to provide services;

(b) whether Defendant has provided the services for which Class and Florida Subclass members contracted;

(c) whether Class and Florida Subclass members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide;

(d) whether Defendant has unlawfully converted money from Plaintiff, the Class and Florida Subclass; and

(d) whether Defendant is liable to Plaintiff, the Class, and Florida Subclass for unjust enrichment.

34. **Typicality.** Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class and Florida Subclass members were similarly situated

and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendant that are unique to Plaintiff.

35. **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class and Florida Subclass.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Florida Subclass.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Florida Subclass.

36. **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class and Florida Subclass members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for the Class or Florida Subclass on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if Class or Florida Subclass members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

37. In the alternative, the Class and Florida Subclass may also be certified because:

(a) the prosecution of separate actions by individual Class and Florida Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual Class and Florida Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to

the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

**COUNT I**
**Breach Of Contract**
**(On Behalf Of The Class And Subclass)**

38. Plaintiff hereby incorporates by reference all allegations herein.

39. Plaintiff brings this claim individually and on behalf of the members of the Class and Florida Subclass against Defendant.

40. Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class and Florida Subclass entered into a binding contract with Defendant.

41. As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above. Plaintiff, Class, and Florida Subclass members fulfilled their end of the bargain when they paid monies due for Spring 2020 tuition. Tuition for Spring 2020 was intended to cover in-person educational services from February through May 2020. In exchange for tuition monies paid, Class and Florida Subclass members were entitled to in-person educational services through the end of the Spring Semester.

42. Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above. Defendant has retained monies paid by Plaintiff and the Class for their Spring 2020 tuition and fees, without providing them the benefit of their bargain.

43. Plaintiff and members of the Class and Florida Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

44. As a direct and proximate result of Defendant's breach, Plaintiff, the Class, and Florida Subclass are entitled to damages, to be decided by the trier of fact in this action, to include

1  but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected
2  by Defendant for services that Defendant has failed to deliver. Defendant should return the pro-
3  rated portion of any Spring 2020 tuition and fees for education services not provided since USF has
4  not held in-person classes since March 13, 2020.

5    45. Defendant's performance under the contract is not excused due to COVID-19.
6  Indeed, Defendant should have refunded the pro-rated portion of any education services not
7  provided. Even if performance was excused or impossible, Defendant would nevertheless be
8  required to return the funds received for services it will not provide.

**COUNT II**
**Unjust Enrichment**
**(On Behalf Of The Class And Subclass)**

46. Plaintiff hereby incorporates by reference all allegations contained herein.

47. Plaintiff brings this claim individually and on behalf of the members of the Class and Florida Subclass against Defendant.

48. Plaintiff and members of the Class and Florida Subclass conferred a benefit on Defendant in the form of monies paid for Spring 2020 tuition and other fees in exchange for certain service and promises. Tuition for Spring 2020 was intended to cover in-person educational services from February through May 2020. In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

49. Defendant voluntarily accepted and retained this benefit by accepting payment.

50. Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances. Accordingly, Defendant should return the pro-rated portion of any Spring 2020 tuition and fees for education services not provided since USF has not held in-person classes since March 13, 2020.

51. It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

**COUNT III**
**Conversion**
**(On Behalf Of The Class And Subclass)**

52. Plaintiff hereby incorporates by reference all allegations contained herein.

53. Plaintiff brings this claim individually and on behalf of the members of the Class and Florida Subclass against Defendant.

54. Plaintiff and members of the Class and Florida Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring 2020 tuition and fee payments to Defendant.

55. Defendant intentionally interfered with the rights of Plaintiff, the Class, and Florida Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

56. Plaintiff and members of the Class and Florida Subclass demand the return of the pro-rated portion of any Spring 2020 tuition and fees for education services not provided since USF has not held in-person classes since March 13, 2020.

57. Defendant's retention of the fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff, Class and Florida Subclass members of the benefits for which the tuition and fees paid.

58. This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

59. Plaintiff, Class and Florida Subclass members are entitled to the return of pro-rated portion of any Spring 2020 tuition and fees for education services not provided since USF has not held in-person classes since March 13, 2020.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    A.    For an order certifying the nationwide Class and the Florida Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the

|     |     |                                                                                                                                                   |
| --- | --- | ------------------------------------------------------------------------------------------------------------------------------------------------- |
|     |     | representative for the Class and Florida Subclass and Plaintiff's attorneys as Class Counsel;                                                     |
|     | B.  | For an order declaring the Defendant's conduct violates the statutes referenced herein;                                                           |
|     | C.  | For an order finding in favor of Plaintiff, the nationwide Class, and the Florida Subclass on all counts asserted herein;                         |
|     | D.  | For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;                                           |
|     | E.  | For prejudgment interest on all amounts awarded;                                                                                                  |
|     | F.  | For an order of restitution and all other forms of equitable monetary relief;                                                                     |
|     | G.  | For injunctive relief as pleaded or as the Court may deem proper; and                                                                             |
|     | H.  | For an order awarding Plaintiff and the Class and Florida Subclass their reasonable attorneys' fees and expenses and costs of suit.               |

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  May 19, 2020              **BURSOR & FISHER, P.A.**

By:   */s/ Frederick J. Klorczyk III*
         Frederick J. Klorczyk III

L. Timothy Fisher (State Bar No. 191626)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
            fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: swestcot@bursor.com

*Attorneys for Plaintiff*